## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

HARRIS v. JONES AND OTHERS, COMMISSIONERS.

JANUARY 26, 1899.

Absent, Cardwell and Buchanan, JJ.

1. CHANCERY PRACTICE—*Decree for Sale of Land—Account of Liens.*—It is error to decree a sale of land to satisfy encumbrances thereon until an account has been taken of the encumbrances and their relative priorities. But if a decree of sale has been entered, and thereafter a decree for an account of liens, the latter decree operates to suspend the sale until the account has been taken and confirmed.

2. CHANCERY PRACTICE—*Vacation Decrees—Confirming Report of Liens—Hearing on Merits.*—A decree confirming a report of liens disposes of the cause on its merits, and cannot be entered in vacation except by consent of parties, as provided in sec. 3427 of the Code.

Appeal from a decree of the Circuit Court of Rappahannock county pronounced October 2, 1897, in a suit in chancery wherein the appellant was the complainant, and the appellees were the defendants, heard together with the suit of *Hackley and Others* v. *Harris and Another,* in which appellant was one of the defendants.

*Reversed.*

The opinion states the case.

*H. G. Moffett,* for the appellant.

*E. T. Jones* and *H. R. & J. G. Pollard,* for the appellees.

HARRISON, J., delivered the opinion of the court.

In the cause of *Hackley, &c.* v. *Harris*, a general creditor's suit, a decree was entered at the November term, 1896, directing a sale of the land of the defendant Harris by commissioners appointed for the purpose. Subsequently, at the May term, 1897, and before the land had been advertised for sale, it being suggested that there were other liens than those audited, a decree was entered referring the cause to a master commissioner for a further account of liens. This last mentioned order should, in terms, have suspended the decree of sale. Without a formal suspension of that decree, however, the order of reference ought to have been sufficient to stay any action by the commissioners of sale until the account was taken, for no doctrine is better settled than that which declares it to be error to decree a sale of land to satisfy encumbrances before those encumbrances and their respective priorities have been ascertained. Regardless, however, of the decree for a further account, the commissioners proceeded to advertise the property for sale; thereupon the appellant, land owner, obtained an injunction to stop the sale until the account was taken. On September 9, 1897, an order was entered in vacation refusing to dissolve the injunction, and directing the injunction suit to be heard with the creditor's suit. The report of liens was subsequently filed, and on October 2, 1897, upon motion of the commissioners of sale, a decree was entered in vacation confirming the report of liens, dissolving the injunction, and directing the commissioners to execute the decree of sale entered at the November term, 1896. This was error. The judge had no power or authority to enter a decree in vacation confirming the report of liens, except by consent of parties, as provided in sec. 3427 of the Code as amended by act approved January 27, 1896, Acts 1895-6, p. 177. It is not claimed that this decree was entered by consent of parties, but sec. 3426 of the Code as amended by act approved January 27, 1896 (Acts 1895-6, p. 178), is relied on as authority for the court's action.

That section provides for entering interlocutory decrees in vacation, but only such interlocutory decrees as are preparatory to hearing the cause on the merits. A decree confirming a report of liens disposes of the cause on the merits, and cannot be entered in vacation except by consent of parties as provided in sec. 3427. It being error to confirm the report of liens in vacation, it was also error to dissolve the injunction, for no sale could be made until the report of liens had been confirmed.

For these reasons the decree appealed from must be reversed and set aside, and the cause remanded for further proceedings.

*Reversed.*